UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                              Case No. 17-CR-111

UMERO V. SALDANA, JR.,

        Defendant.

## ORDER ON DEFENDANT'S MOTION TO CORRECT PRESENTENCE REPORT

Defendant Umero V. Saldana, Jr. has filed a motion requesting that his presentence report be corrected. Saldana is currently serving a 120-month sentence in the custody of the Bureau of Prisons for Possession with Intent to Distribute 50 grams or more of actual Methamphetamine. In his motion, he notes that at his sentencing hearing, he objected to the Guideline enhancement for possession of a firearm and to points awarded for one of his prior convictions. The Court sustained the objections and adjusted the Guideline range accordingly. Dkt. No. 106. As a result, the sentence range under the Guidelines was reduced to 120 to 125 months. Dkt. No. 102. Saldana contends, however, that the Court's ruling on his objections was not reflected in corrections to the facts set forth in his Presentence Report. He claims that, as a result, the enhancement for possession of a firearm as well as his criminal history may have resulted in a higher security classification by the Bureau of Prisons than was otherwise warranted.

It is not clear that the Bureau of Prisons was unaware of the Court's rulings. Probation filed a document entitled "Court's Findings as to Objections to Presentence Report" in the case which noted the changes. Dkt. No. 102. However, Probation's filing does not state that the gun enhancement was ordered stricken or the criminal history changed; it simply notes that the

sentence range under the Guidelines was changed. Thus, it is possible that the Bureau of Prisons may have based Saldana's security classification on facts set forth in the report to which the Court sustained the defendant's objections.

For these reasons, Probation is directed to amend its findings to reflect the fact that the gun enhancement was removed based on the defendant's objection and the Government's acquiescence in the defense claim that he did not possess the firearm in question. Further, the findings should clarify the change in his criminal history category. That information should then be forwarded to the Bureau of Prisons so that any adjustment that is warranted can be made.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge